IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX GARCIA AND SARA GARCIA,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>AMERICA'S SERVICING COMPANY<br>and Does 1-20,<br><br>　　　　Defendants. | NO.   1:10-CV-789 AWI-GSA<br><br>ORDER ON DEFENDANT<br>ASC'S MOTION TO DISMISS;<br>ORDER REMANDING AND<br>CLOSING CASE<br><br>(Docs. No. 7 & 16) |

　　　On January 11, 2010, Plaintiffs Felix Garcia and Sara Garcia filed a complaint in the Tulare County Superior Court alleging various claims for relief, including a Truth-in-Lending Act ("TILA") claim against Defendant America's Servicing Company ("ASC") and Does 1-20. On July 12, 2010, ASC filed a motion to dismiss. Hearing on this motion was set for August 23, 2010. However, on July 30, 2010, Plaintiffs filed an amended complaint. No defendant has filed any answer in this case. On August 17, 2010, ASC filed a second motion to dismiss.

　　　Under Rule 15(a), "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. Pro. 15(a); Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000). "A motion to dismiss is not a 'responsive pleading' within the meaning of Rule 15." Crum, 231 F.3d at 1130 n.3; New v. Armour Pharmaceutical Co., 67 F.3d 716, 722 (9th Cir. 1995); see also Morrison v. Mahoney, 399 F.3d 1042, 1047 (9th Cir. 2005). Thus, where a motion to dismiss is filed instead of an answer, Rule 15(a) allows a plaintiff to amend the original complaint once as a matter of course without the

need of obtaining leave of court. Fed. R. Civ. Pro. 15(a); Crum, 231 F.3d at 1130 n.3. An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); see also Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

Here, ASC did not file an answer, but instead filed a motion to dismiss. As no prior amended complaints have been filed, Plaintiffs were entitled to file their amended complaint as a matter of course under Rule 15(a). The amended complaint supersedes the original complaint, and the original complaint is treated as non-existent. Since ASC's motion attacks Plaintiffs' original and now "non-existent" complaint, ASC's first motion to dismiss is now moot.

However, the Court lacks subject matter jurisdiction over the amended complaint and, as required, this Court must remand this case to state court pursuant to 28 U.S.C. § 1447(c). The basis of the Court's subject matter jurisdiction over the original complaint appeared to be based on the presence of a federal question.[1] The First-Amended Complaint, however, no longer alleges any federal causes of action. The amended complaint does not support diversity jurisdiction as the allegations reveal that Plaintiff is a citizen of California and Defendants IRA Mortgage and Home Sales, Inc. and WMC Mortgage Corp. are California corporations. In other words, Plaintiffs have dropped all of their federal claims. All that remains in the active complaint are state law claims. See First-Amended Complaint. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001). "Subject matter jurisdiction cannot be established by consent of the parties, and a lack of subject matter jurisdiction is a non-waivable defect." Gibson, 261 F.3d at 948; see also Lengyel v. Sheboygan County, 882 F. Supp. 137, 138 (E.D. Wis. 1995) ("When a district court determines there is a lack of subject matter jurisdiction, the case shall be remanded, even if the parties prefer to remain in federal court."). "Thus, the court can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has a filed a motion." Page v. City of

---

[1] The court notes that the original complaint did not contain any allegations of diversity jurisdiction.

2

Southfield, 45 F.3d 128, 133 (6th Cir. 1995). Here, the Court lacks subject matter jurisdiction and this Court must remand this case to state court pursuant to 28 U.S.C. § 1447(c). In light of the fact that the Court is remanding the case, ASC's second motion to dismiss is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

(1) ASC's first motion to dismiss, which is Document Number 7 on the Court's docket, is DENIED as moot;

(2) ASC's second motion to dismiss, which is Document Number 16 on the Court's docket, is DENIED without prejudice;

(3) This case is REMANDED to the Tulare Superior Court in accordance with 28 U.S.C.1447(c); and

(4) The Clerk shall CLOSE the case.

IT IS SO ORDERED.

Dated:     August 23, 2010                           _____
                                                     CHIEF UNITED STATES DISTRICT JUDGE